# UNITED STATES DISTRICT COURT

_____ Middle _____ DISTRICT OF _____ Tennessee _____

UNITED STATES OF AMERICA
V.

VICTOR DONELL JONES
a/k/a LIL VICK

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: **13 - 2055 MK**

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about **June 14, 2013** (Date) in **Davidson** County, in the **Middle** District of **Tennessee** defendant(s) did,

(Track Statutory Language of Offense)
having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Glock, Model 22, .40 caliber pistol, and ammunition, to wit: PMC, .40 caliber ammunition and Winchester, .40 caliber ammunition.

in violation of Title **18** United States Code, Section(s) **922(g)(1) and 924**.

I further state that I am a(n) **Special Agent, ATF** and that this complaint is based on the following facts:
Official Title

See attached Statement in Support of Criminal Complaint incorporated herein.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_____
Signature of Complainant

Stephanie Haera, Special Agent, ATF
Printed Name of Complainant

Sworn to before me and signed in my presence,

6/24/2013                                              at     Nashville, Tennessee
Date                                                                City                    State

E. Clifton Knowles        U.S. MAGISTRATE                _____
Name of Judge             Title of Judge                  Signature of Judge

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
# VICTOR DONELL JONES

I, Stephanie Haera, having been duly sworn upon oath, stated as follows:

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since July 2001. I am currently assigned to the Nashville Field Division, Nashville V Field Office.

2. As a result of my training and experience in federal law enforcement, I know it is a violation of Title 18, United States Code, Sections 922(g)(1) and 924 for a previously convicted felon to possess a firearm and/or ammunition.

3. This affidavit is submitted in support of a Criminal Complaint for the arrest of Victor Donell JONES for possession of a firearm and possession of ammunition after conviction of a felony offense, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

4. The following information contained in this affidavit is based on my training and experience, my review of investigative reports, and information provided to me by other law enforcement officials. Where conversations are related herein, they are related in substance and in part. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of Victor Donell JONES, aka LIL VICK.

5. On June 14, 2013 at approximately 9:15am, Victor JONES arrived in the area of 8 Cannon Street and met with AA. The following incident was recorded on video and has been viewed by your affiant. JONES arrived in a black Nissan Murano with a temporary tag. JONES exited his vehicle and met with AA. JONES and AA talked for several minutes, some of which appeared to be heated. During the discussion, AA took off his shorts, handed them to JONES, and then walked away and stood behind a nearby vehicle. During the confrontation, JONES held a pistol with an extended magazine. After looking through AA's shorts, JONES threw them in the direction of AA. As AA walked back towards JONES to retrieve his shorts, JONES fired his gun in the direction of AA approximately five or six times. AA was shot two times. JONES then walked calmly back to his vehicle and slowly drove away from the scene.

6. Witnesses told police, in sum and substance, that they observed AA and "LIL VICK" (JONES) talking in the parking lot, heard gunshots and then observed JONES get into his

vehicle and leave the area. Metro Police recovered five .40 caliber shell casings from the scene, four of which were PMC brand and one of which was a Winchester brand.

7. Later, on June 14, 2013, Metro Police observed the black Nissan Murano with a temporary license plate parked at the Days Inn located at 3312 Dickerson Pike in Nashville parked in front of room 228. Officers were able to confirm that JONES, using an alias, had checked into room 228. Members of the Metro S.W.A.T team approached the door of room 228, knocked on it and asked JONES to open the door. JONES opened the door, complied with their instructions, and was arrested on several outstanding warrants.

8. On that same date, Detective Vallee with the Metro Police obtained a search warrant for that room. Upon execution of the search warrant, officers recovered a loaded Glock, model 22, .40 caliber handgun that contained an extended magazine capable of holding 22 rounds. Approximately thirteen (13) rounds of ammunition were loaded into the magazine. The ammunition consisted of both PMC brand and Winchester brand .40 caliber ammunition. In addition, Metro Police officers recovered evidence of the robbery from the motel, to include AA's wallet.

9. A review of JONES' criminal history reveals that at the time of the descried incidents he was a convicted felon. That history includes the following felony convictions:

   a. December 13, 2007, in the Criminal Court of Davidson County, Tennessee, Case # 2006-C-1964, Attempted Especially Aggravated Robbery, for which he received a sentence of twelve (12) years.

   b. December 13, 2007, in the Criminal Court of Davidson County, Tennessee, Case # 2006-C-1964, Attempted Especially Aggravated Robbery, for which he received a sentence of twelve (12) years.

   Your affiant has obtained certified judgments confirming the referenced convictions.

10. A description of the firearm, described as a Glock, model 22, .40 caliber pistol, was provided to ATF Interstate Nexus Expert, SA John Nokes. SA Nokes confirmed the described firearm met the definition of a firearm, as defined in Title 18 United States Code, Section 921(a)(3), and was not manufactured in Tennessee; and therefore, at some point, had traveled in and affected interstate commerce. In addition, a description of the ammunition, including the referenced shell casings, described as .40 caliber PMC and .40 caliber Winchester ammunition, was provided to SA Nokes, who stated that the

ammunition was not manufactured in Tennessee and therefore also, at some point, had traveled in and affected interstate commerce.

11. All of the described events occurred in Nashville, Davidson County, located in the Middle District of Tennessee.

Further affiant sayeth not.

_____
Stephanie Haera
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed to before me this 24th day of June, 2013.

_____
E. CLIFTON KNOWLES
U.S. Magistrate Judge